UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT D. CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>PINNACLE CREDIT SERVICES,<br>VERIZON WIRELESS, and DOES 1-10<br>inclusive.<br><br>    Defendants. | **COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Plaintiff is suing the Defendant debt collector Pinnacle Credit Services because the Defendant harassed the Plaintiff for years with collection robo-calls to Plaintiff's cell phone on behalf of the Defendant Verizon.

2. Defendant persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

4. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and both Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Georgia's Fair Business Practices Act O.C.G.A. § 10-1-399 *et seq.* and other state laws in their illegal efforts to collect a consumer debt.

5. Venue is proper in this District because some of the acts and transactions occurred in this District.

## PARTIES

6. Plaintiff Robert D. Clark (hereinafter "Plaintiff") is a natural person who resides in the City of Jackson, County of Butts, State of Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

7. Plaintiff received multiple collection communications from and on behalf of Defendants while in Georgia.

8. Defendant Debtor Pinnacle is a Minnesota Corporation doing business in Georgia.

9. Defendant Pinnacle can be located at 7900 MN-7, Minneapolis, MN 55426 for service of process within the State of Minnesota.

10. Defendant Pinnacle is a national debt collection company that continuously and systematically engages in its business of collecting debts in the state of Georgia, and using telephone numbers within Georgia.

11. Defendant Pinnacle is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant Verizon Wireless (hereinafter "Verizon") is corporation that regularly conducts business in Georgia.

13. Defendant Verizon is located at One Verizon Way, Basking Ridge, NJ, 07920 authorized to accept service within the State of New Jersey.

14. Defendant Verizon is a cellular provider that continuously and systematically engages in its business of telephone services in the state of Georgia.

15. Defendant Verizon hired Defendant Pinnacle to collect debts allegedly due to Verizon.

16. The acts of Defendant Pinnacle relating to the Plaintiff were conducted on behalf of Defendant Verizon, and with the consent, approval, and/or ratification of Defendant Verizon.

17. The Plaintiff alleges that at all times herein mentioned, Defendant Pinnacle was, and is now, the servant, employee, and/or other representative of the other Defendant Verizon, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or

other representative capacity with the permission, knowledge, consent, and/or ratification of Defendant Verizon. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

18. DOES 1-10 are employees or agents of Defendants not yet know to Plaintiff.

## FACTUAL ALLEGATIONS

19. Defendants attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted bill from Defendant Verizon.

20. Defendant Pinnacle and the collectors employed by Defendant Pinnacle, and on behalf of Defendant Verizon, repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### *Telephone Consumer Protection Act*

21. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

22. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

23. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.**

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

### *Illegal Auto-Dialed Collection Calls*

24. Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned the Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

25. Without Plaintiff's prior express consent, Defendant Verizon and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt.

26. Without Plaintiff's prior express consent, Defendant Pinnacle and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt.

27. Many of these calls to Plaintiff contained a pre-recorded and/or synthesized message in violation of the TCPA because they were sent to Plaintiff without his prior express consent.

28. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendants never obtained the Plaintiff's prior express consent to make automated calls to him cell phone or to send him prerecorded and/or synthesized messages on his cell phone.

29. All calls and messages were sent in willful violation of the TCPA and the FDCPA because expressly told them not to call in the beginning when the calls began.

30. Upon good faith information and belief, Defendants used the services of a company called "Livevox" to aid them in making all or some of the calls complained-of herein.

31. Upon good faith information and belief, the Defendants used their Dialogic calling equipment to aid them in making all or some of the calls complained of herein.

32. Plaintiff did not have any business whatsoever with Defendant Pinnacle.

33. Plaintiff has never given out his cellular telephone number to Defendant Pinnacle or its collectors, or to Defendant Verizon.

34. Additionally, Plaintiff revoked any assumed authority the Defendant might have thought they had when he told them to stop calling the cell, but they continued calling the cell phone without permission.

35. Defendants' repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

36. It is part of their pattern and practice to illegally call debtors such as in this case.

37. Defendants' repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692d, 1692d(5), 1692e, 1692e(2), 692e(10), 1692f, and 1692f(5) amongst others.

*Summary*

38. All of the above-described collection communications made to Plaintiff by Defendants and other collection employees employed by Defendant Pinnacle, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of his privacy by the use of repeated calls.

39. The Defendants' persistent autodialed calls eliminated the Plaintiff's right to be left alone.

40. These autodialed collection calls disrupted Plaintiff's solitude.

41. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

42. Defendants' actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with the numbers (678) XXX-6960 for which the Plaintiff paid money.

43. Plaintiff was charged money for each call that Defendant made to Plaintiff's cellular phone.

## **TRIAL BY JURY**

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

## **AS TO DEFENDANT PINNACLE ONLY**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant Pinnacle and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

47. Defendants marked Plaintiff's credit report as opened in 2014, but default was much earlier resulting in re-aging of his debt.

48. Defendants refused to mark his credit report as disputed.

49. As a result of Defendant Pinnacle's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Pinnacle herein.

## **COUNT II.**

# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

# 47 U.S.C. § 227 et seq.

# AS TO BOTH DEFENDANTS

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Within the four year period immediately preceding this action, the Defendants made numerous calls to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

52. The acts and/or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

53. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

54. Defendants did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

55. Additionally, Plaintiff told the Defendants to stop calling the cell phone immediately when the calls began.

56. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made.

57. Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

58. Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting the Plaintiff on his cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

59. The Defendant VERIZON is responsible and liable for Defendant Pinnacle violations of the TCPA.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

## AS TO BOTH DEFENDANTS

60. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

61. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
> 15 U.S.C. § 1692(a) (emphasis added).

62. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

63. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of these Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt by calling Plaintiff's cellular telephone, and thereby invaded Plaintiff's privacy especially after being told to stop calling.

64. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

65. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

66. The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

67. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendants in an amount to be determined at trial.

68. Defendant Verizon is responsible and liable for the acts of Defendant Pinnacle complained-of herein, in that Pinnacle's actions were conducted within the scope of the authority given.

69. Defendant Verizon knew or should have known that Pinnacle has been sued numerous times in the past for harassing consumers while collecting debts.

70. Defendant Verizon had the authority and ability to control the particular methods used to collect the alleged debt, and/or had the ability to refuse to contract with Defendant Pinnacle without such authority.

## COUNT IV.

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT ("GFBPA"), O.C.G.A. § 10-1-390, *et seq.*

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The Defendant's actions in attempting to collect a debt have taken place in the conduct of consumer acts or practices.

73. Defendants violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-393.

74. Defendants acted intentionally in violating the GFBPA.

75. Plaintiff suffered damages because of Defendants' violations of the GFBPA as described above and to be further established at trial.

76. Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399.

## COUNT V.

## UNREASONABLE COLLECTION PRACTICES

77. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

78. Defendants used unreasonable collection practices upon Plaintiff.

79. Defendants intentionally caused harm to Plaintiff's emotional wellbeing by engaging in highly offensive conduct in the course of collecting a debt.

80. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

81. As a result, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT VI.

## RIGHT TO BE LEFT ALONE

82. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

83. Defendants violated Plaintiff's right to be left alone.

84. Defendants intentionally caused harm to Plaintiff's emotional wellbeing by engaging in highly offensive conduct in the course of collecting a debt.

85. The intrusion by Defendants occurred in a way that would be highly offensive to Plaintiff.

86. As a result, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT VII.

## PUNITIVE DAMAGES

## AS TO BOTH DEFENDANTS

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88.  As a result of Defendants' violations, Plaintiff is entitled punitive damages pursuant from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Pinnacle;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Pinnacle;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Pinnacle;

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendants;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendants;

- for an injunction prohibiting Defendants from contacting the Plaintiff on their cellular telephone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a);

- for an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial;

- for an award for violating Plaintiff's right to be left alone;

- for an award for unreasonable collection practices; and

- for an award of punitive damages from Defendants for the outrageous conduct as well as the pattern and practice of illegal collection behavior in an amount to be determined at trial.

This 14th day of June, 2016

Respectfully submitted,

**JOSEPH P. MCCLELLAND, LLC**

By: **s/Joseph P. McClelland**
Joseph P. McClelland, Esq.
Attorney I.D.#483407
Post Office Box 100
Jackson, Georgia 30233
Telephone:  (770) 775-0938
Facsimile: (770) 775-0938
joseph@jacksonlaws.com
**Attorney for Plaintiff**