**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ROBERT D. CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:16-cv-221 (MTT)** |
| | ) | |
| **PINNACLE CREDIT SERVICES, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Defendants Pinnacle and Verizon move to dismiss Clark's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. 12.  Clark did not respond.  For the following reasons, the Motion is **GRANTED** in part and **DENIED** in part.

## I. THE ALLEGATIONS

On June 14, 2016, Clark filed a complaint against Verizon, Pinnacle, and ten unnamed employees of the Defendants (DOES 1-10).  Doc. 1.  Clark alleges Defendant Pinnacle and its employees, on behalf of Defendant Verizon, attempted to collect a defaulted debt owed to Verizon by "repeatedly and willfully plac[ing] calls to [his] cellular telephone number" without his consent using an "automatic telephone dialing system."  Doc. 1 ¶¶ 20, 25-26.  The phone calls allegedly took place "within the last four years prior" to Clark filing his complaint.  *Id.* ¶¶ 24, 35.  Based on this conduct, Clark, in Count I, alleges Pinnacle violated the Fair Debt Collection Practices Act (FDCPA).  Doc. 1 ¶¶ 45-49.  Additionally, Clark makes the following allegations against Verizon and Pinnacle:

- Count II alleges violations of the Telephone Consumer Protection Act (TCPA). *Id.* ¶¶ 50-59.

- Count III alleges an invasion of privacy by intrusion upon seclusion. *Id.* ¶¶ 60-70.

- Count IV alleges a violation of Georgia's Fair Business Practices Act (GFBPA). *Id.* ¶¶ 71-76.

- Count V alleges "unreasonable collection practices." *Id.* ¶¶ 77-81.

- Count VI alleges a violation of Clark's "right to be left alone." *Id.* ¶¶ 82-86.

- Count VII brings a claim for punitive damages. *Id.* ¶¶ 87-88.

## II. <u>DISCUSSION</u>

### A. Motion to Dismiss Standard

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted). Courts "need not accept as true, however, conclusory legal allegations made in the complaint." *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1230 n.1 (11th Cir. 2005). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S.

at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly,* 550 U.S. at 555 (quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

## B.   FDCPA Claim

In Count I, Clark claims Pinnacle violated the FDCPA through the automated telephone calls over the past four years and by re-opening Clark's credit report in 2014.  Doc. 1 ¶¶ 45-49.  Pinnacle argues this claim is barred by the FDCPA's one year statute of limitations and that a continuing violation theory does not apply.  Doc. 12-1 at 3; *see generally* 15 U.S.C. § 1692k(d) ("An action may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs.").  Pinnacle also moves to dismiss Count I for failure to state a claim.  Doc. 12-1 at 3.

The Eleventh Circuit has not stated whether a continuing violation theory may be applied to FDCPA violations, and other courts have reached differing conclusions.  *See, e.g.*, *Gajewski v. Ocwen Loan Serv.*, 650 F. App'x 283, 286 (7th Cir. 2016) ("The [plaintiffs] are mistaken, however, in thinking that new violations will resurrect prior, untimely claims based on a 'continuing violation' theory."); *Mcnorrill v. Asset Acceptance, LLC*, 2016 WL 3963077, at *2 (S.D. Ga. July 21, 2016) ("FDCPA case law disfavors the notion of a continuing violation or other doctrines that would permit later-

in-time conduct to resurrect otherwise time-barred violations . . . [b]ut courts allow cases to move forward where independent violations occur within the statutory period." (citations omitted)); *Tucker v. Mann Bracken, LLC*, 2009 WL 151669 (M.D. Penn.) ("[T]his court holds that a continuing violations theory may be applied to FDCPA claims.").  Without the benefit of the continuing violation theory, the alleged "re-opening of the credit report" in 2014 and the phone calls outside the statutory period would be barred.  Clark does not clearly allege that the Defendants' conduct "within the last four years" constitutes a continuing violation of the FDCPA.  But the Court need not decide whether the doctrine is available here, as Clark does not allege sufficient facts to state a claim for relief under the FDCPA.

Clark relies on numerous provisions of the FDCPA "including but not limited to 15 U.S.C. §§ 1692c, 1692d, 1692d(5), 1692e, 1692e(2), 692e(10) [sic], 1692f, and 1692f(5) amongst others." Doc. 1 ¶ 37.  However, Clark provides no factual allegations to show he has a claim under any of these provisions.  For example, Clark has not alleged facts regarding the nature, number, or frequency of the calls or at what time during the day they were made, which are necessary to state a claim under 15 U.S.C. §§ 1692c(a) and 1692d.  Additionally, Clark alleges the Defendants called him after he "*told* them not to call." Doc. 1 ¶ 29 (emphasis added)).  However, under 15 U.S.C. §1692c(c), Pinnacle is liable only if Clark made such a statement in writing.  Finally, Clark alleges Pinnacle "marked Plaintiff's credit report as opened in 2014, but default was much earlier resulting in re-aging of his debt" and that Pinnacle "refused to mark his credit report as disputed." Doc. 1 ¶¶ 47-48.  But Clark did not allege any other facts necessary to draw a plausible inference that these actions violated the FDCPA.  Thus,

Clark has not alleged sufficient facts to support an FDCPA claim and that claim is dismissed.

**C.     TCPA Claim**

In Count II, Clark claims the Defendants "made numerous calls to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii)."  Doc. 1 ¶ 51.  The Defendants argue Clark's TCPA claim "merely follows the language of the statute" and states insufficient allegations concerning "the number of calls, the timing of the calls, or that the calls prevented Plaintiff from using his phone for other purposes."  Doc. 12-1 at 4.  However, to state a claim for relief for a violation of the TCPA, a plaintiff need only allege that a defendant violated the restrictions on the use of automated telephone equipment stated in 47 U.S.C. § 227(b)(1).  Clark does this by alleging the Defendants called his cellular telephone using an "automated telephone dialing system" to collect a debt without his prior express consent and that he was charged for the call.[1]  Doc. 1 ¶¶ 19, 24-27, 42-43, 54, 58; *see* 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(3)(A).  Assuming these allegations are true, Clark is entitled to relief and therefore his complaint is sufficient as to his TCPA claim.

**D.     Invasion of Privacy Claim**

In Count III, Clark brings a claim of invasion of privacy by intrusion upon seclusion against both Defendants.  Doc. 1 ¶¶ 60-70.  Clark appears to rely on the

---

[1] *Compare* Doc. 1 ¶¶ 19, 24-27, 42-43, 54, 58 *with Speidel v. JP Morgan Chase & Co.*, 2014 WL 582881, at *2 (M.D. Fla.).  Defendants rely on *Speidel* as an example for why the Court should dismiss Clark's TCPA claim. Doc. 12-1 at 4.  In *Speidel*, the court found the plaintiff did not plead sufficient facts concerning the nature of the call to determine whether it was exempt by rule or order.  *Speidel*, WL 582881 at *2.  The court also found the plaintiff did not allege a connection between the debt and the defendant.  *Id.*  Here, however, Clark alleges the automated calls were made to collect a debt owed to Verizon.  Doc. 1 ¶¶ 19-20.  Moreover, unlike the plaintiff in *Speidel*, Clark alleges sufficient facts to support an inference that the calls were not exempt.

FDCPA and Gramm-Leech-Bliley Act to state his right to privacy.  *Id.* ¶¶ 60-62.

However, Clark brings a separate FDCPA claim and, as he admits, the Gramm-Leech-

Bliley Act does not provide a private right of action.  *Id.* ¶ 62; 15 U.S.C. § 6801, *et seq.*

The Court reads this as a claim under Georgia law.  Clark alleges only that the

Defendants invaded his privacy by "repeatedly and unlawfully attempting to collect a

debt by calling Plaintiff's cellular telephone."  Doc. 1 ¶ 63.  This is insufficient to support

a claim of invasion of privacy under Georgia law.  *See, e.g.*, *Bell v. Bank of Am. NA*,

2017 WL 380930 (M.D. Ga.).  Accordingly, Clark's invasion of privacy claim is

dismissed**.**

## E.     GFPBA Claim

In Count IV, Clark alleges both Defendants violated the GFBPA.  *Id.* ¶¶ 71-76.  At

least 30 days before filing a GFBPA claim, a plaintiff must provide "a written demand for

relief, identifying the claimant and reasonably describing the unfair or deceptive act or

practice relied upon and the injury suffered" to the defendant.  O.C.G.A. § 10-1-399(b).

Clark does not allege he provided the Defendants with such notice.  Accordingly, Clark's

GFBPA claim fails as a matter of law and must be dismissed.  *See, e.g.*, *Walker v.*

*JPMorgan Chase Bank, N.A.*, 987 F. Supp. 2d 1348, 1354 (N.D. Ga. 2013).

## F.     "Unreasonable Collection Practices" and "Right to be Left Alone" Claims

In Counts V and VI, Clark alleges Pinnacle and Verizon conducted

"unreasonable collection practices" and violated his "right to be left alone."  Doc. 1 ¶¶

77-86.  Clark provides no statutory basis for these claims and does not allege sufficient

factual allegations for the Court to discern the legal basis on which he relies.  Moreover,

Clark's pleading for these claims is reminiscent of the "shotgun pleading" that the

Eleventh Circuit has admonished.  *See, e.g.*, *B.L.E. ex rel. Jefferson v. Georgia*, 335 Fed. App'x 962, 963 (11th Cir. 2009) ("[W]e have specifically instructed district courts to prohibit, as fatally defective, shotgun pleadings similar to the one filed in this action"); *Ledford v. Peeples*, 568 F.3d 1258,1278 (11th Cir. 2009) ("Plaintiffs' complaint is a 'shotgun' pleading in that it lumps multiple claims together in one count and, moreover, appears to support a specific, discrete claim with allegations that are immaterial to that claim."); *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.").  As the Defendants state, the paragraphs for these claims are identical and do not appear to directly relate to the alleged cause of action. *See* Doc. 1 ¶ 77-86.  Regardless, Clark provides insufficient facts to support his "right to be left alone" and "unreasonable collection practices" claims and, thus, those claims are dismissed.

### III. CONCLUSION

For the reasons stated herein, the Defendants' Motion is **GRANTED** in part and **DENIED** in part.  Clark's TCPA claim (Count II) against both Defendants is allowed to proceed.  Counts I and III-VII are **DISMISSED without prejudice** for failure to state a claim.[2]

---

[2] As only the TCPA claim remains, Clark's claim for punitive damages (Count VII) must be dismissed. The TCPA allows for compensatory damages and allows courts to award treble damages in the event of a knowing and willful violation.  47 U.S.C. § 227(b)(3).  The Eleventh Circuit has found treble damages under the TCPA are not equivalent to punitive damages and that the conduct described in the TCPA does not meet Georgia's requirements for punitive damages.  *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 778-79 (11th Cir. 2011).  Accordingly, Clark's claim for punitive damages (Count VII) must be dismissed.

**SO ORDERED**, this the 3rd day of March, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT